IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZEMENCO, INC.,
    Plaintiff

  v.        CIVIL ACTION NO. 03-175 ERIE

DEVELOPERS DIVERSIFIED
REALTY CORPORATION,
    Defendant

HEARING ON PRETRIAL MOTIONS

Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Judge's Chambers, U.S. Courthouse, Erie,

Pennsylvania, on Friday, May 6, 2005.

APPEARANCES:
    ERIC P. REIF, Esquire, (via Phone), appearing on
    behalf of the Plaintiff.

    W. PATRICK DELANEY, Esquire, (via Phone),

appearing on behalf of the Defendant.

Ronald J. Bench, RMR - Official Court Reporter

2

1         P R O C E E D I N G S

2

3         (Whereupon, the proceedings began at 1:15 p.m., on

4   Friday, May 6, 2005, in Judge's Chambers.)

5

6         MR. REIF:  Good afternoon, your Honor, this is Eric

7   Reif calling, I have my partner, Tony Basinski, here with me.

8   I have Pat Delaney holding on the other line.  I'll tie him in

9   right now if your Honor is ready to proceed?

10        THE COURT:  I am.

11        MR. DELANEY:  Good afternoon, your Honor.

12        THE COURT:  We have everybody then.  I don't think

13  this is going to take much time.  But I did receive within the

14  last day or so a motion of Zemenco for amendment of the case

15  management order. As well as a motion of the Pietragallo firm

16  for leave to withdraw as counsel for Zemenco. Just to state

17  the obvious where things stand, there is presently a fully

18  briefed motion for summary judgment and a brief in opposition.

19  Can you, Mr. Reif, sketch out for me a little bit what the

20  problem is?

21         MR. REIF: Your Honor, the principal problem is

22  that, as your Honor noted when we had the argument on the

23  motion for summary judgment, this litigation has been very

24  extensive. And throughout the litigation, despite a number of

25  arrangements that were to be made, that type of thing, the fact

3

1  of the matter is -- our firm has invested a substantial amount

2  of time and expense in this without being paid for the work

3  that we've done. And we have not been able to, at least to

4  date, to make satisfactory arrangements for that, even through

5  things like a judgment note or anything of that type.

6         THE COURT: You haven't been paid at all or just

7  haven't been brought current?

8          MR. REIF: Your Honor, we have received certain

9   payments. The payments that we've received in total on this

10  case are quite small and we have not received any additional

11  payment in probably a year.

12          THE COURT: So the irreconcilable difference is the

13  refusal of your client to pay the balance of your bill?

14          MR. REIF: I'm sorry, your Honor.

15          THE COURT: I said the irreconcilable difference is

16  the refusal of your client, for whatever reason, to pay the

17  balance of your bill?

18          MR. REIF: Yes. And, your Honor, I don't want to

19  say anything to prejudice Zemenco, but we've also had

20  difficulty communicating in terms of his use of strategy or the

21  manner in which the litigation should proceed. That's also a

22  continuing problem.

23          THE COURT: All right. First of all, let me just

24  flip over to Mr. Delaney -- Mr. Delaney, do you have any

25  position on this one way or the other?

4

1          MR. DELANEY: I don't.

2  THE COURT: I think in all likelihood I'll let you

3  withdraw. But my concern is just because he has been slow in

4  paying all your bills, I don't want -- this is coming awfully

5  late in the game. And my concern is I would not want this to

6  slow down the litigation. Now, obviously, if summary judgment

7  were to be granted, well, then, that's the end of the case or

8  off to the appellate courts with somebody else or whatever.

9  But if it's denied in part or denied in toto, then I find

10 myself in a situation where pretrial narratives would be coming

11 due and I don't have anybody representing Mr. Zemenco and I

12 have no guarantee that somebody is going to represent him.

13     MR. REIF: Well, your Honor, I cannot address the

14 guarantee. The only thing I can say is that the information

15 that we have been given is that Zemenco is actively looking for

16 other counsel -- and I don't know the status of that. I do

17 know that we were told at one point that they thought they may

18 have located other counsel. But I don't know who that is, your

19 Honor. I do not want to represent to the court that in fact

20 has occurred. That's simply what I've been told.

21     THE COURT: All right. Well, I appreciate the

22 background information and I now know enough to be able to rule

23 on this thing. For the record, I'm granting the motion for

24   leave to withdraw.  And I'm also going to grant -- I presume,

25   also, Mr. Delaney, that you have no objection to the amendment

5

1   of the case management order?

2           MR. DELANEY:  I do not have any objection.

3           THE COURT:  Well, I'm going to grant that as well.

4   But for the record and I would ask you to relay to Mr. Zemenco

5   or Mr. Zemenco's new counsel, obviously, Mr. Zemenco is not on

6   the line.  If the time period for filing his pretrial narrative

7   and other important dates if it comes to that as we go toward

8   trial, nothing is going to be extended due to his failure, if

9   it comes to that, to have obtained counsel.

10          MR. REIF:  I will certainly communicate that, your

11   Honor.

12          THE COURT:  It simply is not going to happen.  All

13   right, thank you.

14          MR. REIF:  I just wanted to say before we end, I

15   very much appreciate the courtesy extended to us by the court

16   and also by Mr. Delaney.

17          THE COURT:  You needn't thank me for that, that's

18  just part of the business.

19

20      (Whereupon, at 1:20 p.m., the proceedings were

21  concluded.)

22

23

24                  - - -

25

                          6

1           C E R T I F I C A T E

2

3

4

5    I, Ronald J. Bench, certify that the foregoing is a

6  correct transcript from the record of proceedings in the

7  above-entitled matter.

8

9

10

11  _____

12   Ronald J. Bench

13

14

15

16

17

18

19

20

21

22

23

24

25